UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

THE UNITED STATES OF AMERICA          :

          -against-          :          Docket No.: 08 CR 429 (DLC)

                    :

CARLOS PICHARDO,

                    :

          Defendant.
------------------------------------------------------X

## DEFENDANT'S  MEMORANDUM OF LAW

GOLDSTEIN & WEINSTEIN
Attorneys for Defendant
CARLOS PICHARDO
Office and P.O. Address
888 Grand Concourse
Bronx, New York 10451
(718) 665-9000

# TABLE OF CONTENTS

**PAGE**

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

      THE CONSENT TO SEARCH GIVEN BY CARLOS PICHARDO
      WAS NOT VOLUNTARY, BUT RATHER, WAS THE PRODUCT
      OF HIS SUBMISSION TO AUTHORITY AND WAS
      PREDICATED UPON THE UNLAWFUL ENTRY INTO AND
      SEARCH OF HIS VEHICLE

POINT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

      THE DEFENDANT'S FAILURE TO UNDERSTAND THE
      "MIRANDA WARNINGS" DUE TO HIS INTOXICATION AND
      HIS FAILURE TO VOLUNTARILY WAIVE HIS RIGHT AGAINST
      SELF-INCRIMINATION AND SIXTH AMENDMENT RIGHT TO
      COUNSEL DUE TO THAT SAME FACT, MANDATE
      SUPPRESSION OF ALL STATEMENTS HE MADE AFTER HIS
      ARREST

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

## STATEMENT OF FACTS

The facts upon which this motion is based are set forth in the affidavits of the defendant, CARLOS PICHARDO , and DAVID J. GOLDSTEIN, ESQ., which are submitted herewith.

## POINT I

### THE CONSENT TO SEARCH GIVEN BY CARLOS PICHARDO WAS NOT VOLUNTARY, BUT RATHER, WAS THE PRODUCT OF HIS SUBMISSION TO AUTHORITY AND WAS PREDICATED UPON THE UNLAWFUL ENTRY INTO AND SEARCH OF HIS VEHICLE

When the validity of a consensual search is at issue, the Government has the burden of demonstrating that the consent was freely and voluntarily given, *(Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041 [1973]), which must be established by a preponderance of the evidence (*Lego v. Toomey*, 404 U.S. 477, 92 S.Ct. 619 [1972]; *United States v. Calvente*, 722 F. 2d 1019, 1023 [2d Cir. 1983]). The test is whether the consent is the product of a free and unconstrained choice by its maker, *(United States v. Arango-Correa*, 851 F.2d 54, 57 [2d Cir. 1988]), and is not satisfied by a showing of a defendant's submission to authority. *Florida v. Royer*, 460 U.S. 491, 103 S. Ct. 1319 (1983).

Here, after the agents arrested the defendant, they searched his vehicle without his permission and recovered his telephone. Shortly thereafter, he was asked for his permission

to check the phone.  We do not believe that he was ever told that he had a right to refuse; he has stated that if he was given the Miranda warnings, he was too intoxicated to understand them, and we also believe that he was never told that his permission was required to validate the search.

First, in view of the unlawful entry into his vehicle and subsequent seizure of the telephone, the consent to search the phone was tainted.  *United States v. Montilla*, 928 F.2d. 583 (2d Cir. 1991).  The illegal entry and seizure here invalidates the consent and requires suppression of the physical evidence seized.  *United States v. Oguns*, 921 F. 2d. 442, 447 (2d Cir. 1990).  Once it has been demonstrated that there has been an illegal entry and search, the Government must show that the taint of the initial illegality was dissipated prior to the consent, and that burden is not satisfied by a showing that the agents obtained consent.  *United States v. Snype*, 441 F.3d 119, 132 (2d Cir. 2006); *United States v. Montes-Reyes*, 547 F.Supp.2d 281, 292-94 (S.D.N.Y., 2008)**.**

In addition, absent the defendant's <u>prior, valid</u> [1] consent, none of the evidence seized from his car or his telephone could be used against him.  Here, the Government claims that Mr. Pichardo consented to the search.  However, the defendant has submitted a sworn affidavit indicating that he did not voluntarily consent because of his intoxication, and that he does not recall what was said to him in order to induce the consent.

---

[1] Emphasis supplied

4

In determining whether or not the consent was voluntarily made or was instead the product of coercion, either express or implied, this Court is obligated to conduct a "fact-based examination" of the record. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034 (1987). The Court must review the "whole picture" (*United States v. Sokolow*, 490 U.S. 8, 109 S.Ct. 1581 [1989]), and base its determination upon the particular circumstances of this case. *United States v. Leung*, 910 F. 2d 33, 40-41 (2d Cir. 1990).

Here, Mr. Pichardo had been arrested immediately prior to giving consent to search his phone. The defendant did not understand the "Miranda Warnings"; we do not believe the agents ever told him that he did not have to consent, that any evidence found could be used against him in a court of law or that he could speak to an attorney prior to making any decision regarding the consent. He was confused and intoxicated.

The voluntariness of a consent to search must be evaluated in light of all of the circumstances which exist at the time the consent is obtained. *Ohio v. Robinette*, 519 U.S. 33, 117 S.Ct. 1417 (1996); *United States v. Garcia*, 834 F.2d. 267 (2d Cir. 1987). While the custodial status of the consenter does not in and of itself vitiate the consent, it is one of the factors to be considered. *United States v. Watson*, 423 U.S. 411, 423-25, 96 S.Ct. 820 (1976); *United States v. Miley*, 513 F. 2d. 1191,1201 (2d Cir. 1975). Likewise, the failure to advise the suspect of the right to refuse to consent is not dispositive of the issue, but is another factor to be weighed in the determination. *Schneckloth v. Bustamonte*, supra; *United States v. Wilson*, 11 F.3d 346, 350 (2d Cir. 1993); *United States v. Crespo*, 834 F.2d 267 (2d

5

Cir. 1987). A failure to give the *"Miranda"* warnings in and of itself does not render the consent invalid, but again, it is a factor to be considered in determining the voluntariness of a consent to search. *United States v. Yu-Leung*, 51 F.3d 1116 (2d Cir. 1995); *Campeneria v. Reid*, 891 F.2d 1014 (2d Cir. 1989). Lastly, if a court finds that a defendant was intoxicated to the point that he was unable to comprehend and voluntarily consent, a waiver is invalid. *Parsad v. Greiner*, 337 F.3d 175, 184 (2d Cir. 2003).

Here, It is clear that Pichardo merely acquiesced to the authority of the police, which is not consent. *United States v. Price*, 599 F.2d. 494, 503 (2d Cir. 1979). The entirety of the record here fails to contain sufficient evidence establishing either that he was aware that he had any real choice but to consent, or that he knew exactly what it was that he was consenting to. *United States v. Wilson*, supra.

Assessing the peculiarities of this scenario, it is obvious that his lack of awareness caused the consent to be impliedly coerced and that he, therefore, submitted to the law enforcement presence. *Schneckloth v. Bustamonte*, supra; *United States v. Leung*, supra. Nor can it be convincingly said that the entirety of the circumstances surrounding this encounter would leave a reasonably prudent person with the feeling that the defendant had voluntarily and knowingly consented to the search. *Florida v. Jiminez*, 500 U.S. 248, 251, 111 S.Ct. 1801 (1991).

Consequently, all evidence seized from the vehicle and from the telephone must be

6

suppressed.

## POINT II

### THE DEFENDANT'S FAILURE TO UNDERSTAND THE "MIRANDA WARNINGS" DUE TO HIS INTOXICATION AND HIS FAILURE TO VOLUNTARILY WAIVE HIS RIGHT AGAINST SELF-INCRIMINATION AND SIXTH AMENDMENT RIGHT TO COUNSEL DUE TO THAT SAME FACT, MANDATE SUPPRESSION OF ALL STATEMENTS HE MADE AFTER HIS ARREST

It is a firmly entrenched rule of criminal law, that before a suspect is "interrogated" while in "custody" he must be given a set of warnings designed to, ". . . dispel the compulsion inherent in custodial surroundings. . ." so that the suspect can exercise the privilege against self-incrimination. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682 (1980); *Miranda v. Arizona*, 384 U.S. 436, 458, 86 S.Ct. 1602, 1619 (1967). In addition to the Fifth Amendment privilege, in order to permit a defendant's post-indictment statement to be utilized at a trial, the defendant must also waive his Sixth Amendment right to counsel. *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404 (1986).[2]

In the instant case, the authorities claim that the defendant was given his "Miranda warnings," and that he stated he understood the rights he would be giving up and was willing

---

[2] Even after indictment, a suspect may choose to waive his right to have an attorney present during questioning. *Patterson v. Illinois*, 487 U.S. 285, 108 S.Ct 2389 (1988); *United States v. Charria*, 919 F.2d 842, 846-49 (2d Cir. ).

7

to waive those rights and make a statement.   The defendant contends that he was too intoxicated to understand and waive his privilege against self-incrimination and has no idea what the agents said to him to induce him to make a statement.

Any analysis of the waiver of Miranda rights and a defendant's right to counsel is a two step process, to wit, the Government must establish that the suspect understood his rights and that he chose voluntarily to waive them.  *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135 (1986).   The Second Circuit has recognized that a defendant may be so intoxicated, by alcohol or drugs, that he lacks the ability to comprehend and voluntarily waive his rights. cf. *Parsad v. Greiner*, 337 F.3d 175, 184 (2d Cir. 2003).   That principle has also been referred to by other circuit courts and district courts as well.   *United States v. Tucker*, 157 F.3d 552, 555-56 (8th Cir. 2003); *Alvarez v. Keane*, 92 F.Supp2d 137, 150 (EDNY , 2000).

Consequently, we believe that a hearing must be ordered to resolve what we believe will be disparate positions concerning the defendant's mental state at the time he made the statements attributed to him, and what was said to him, in order for the Government to establish that he waived both his Fifth and Sixth Amendment rights.

## CONCLUSION

**FOR ALL OF THE FOREGOING REASONS, IT IS
RESPECTFULLY SUBMITTED THAT ALL EVIDENCE
SEIZED FROM THE DEFENDANT'S AUTOMOBILE
AND TELEPHONE, AS WELL AS HIS STATEMENTS,
MUST BE SUPPRESSED**

Respectfully submitted,

GOLDSTEIN & WEINSTEIN
Attorneys for Defendant
CARLOS PICHARDO
Office and P.O. Address
888 Grand Concourse
Bronx, New York  10451
(718)  665-9000